MARY DEALEY *vs.* WILLIAM MULLER & others.

Suffolk.    March 15, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Child — Due Care.*

A girl seven years of age, in crossing a city street in the daytime, was run over by a heavy wagon and injured. At the trial of an action to recover for such injuries, there was evidence that the plaintiff, a child of ordinary intelligence, lived on the southwest corner of B. Street, a much travelled highway seventy feet wide, and W. Street; that she had been sent by her mother to find her younger brother, and just afterwards was struck and run over in the easterly gutter of B. Street, a few feet north of W. Street; and that the driver of the wagon was racing his horses at the time, and crossed W. Street on the run; and further evidence justifying the inference that she found her brother in the yard of the house on the northeast corner, and was taking him home when struck. The jury took a view of the locality. *Held,* that there was evidence for the jury on the questions whether the plaintiff exercised due care in attempting to cross the street, and in avoiding being run over while so doing.

TORT for personal injuries sustained by the plaintiff by being run over by a wagon, driven by a servant of the defendants, on Beacon Street in Somerville. At the trial in the Superior Court, before *Dunbar,* J., on the question whether the plaintiff was in the exercise of due care, evidence was introduced tending to prove the following facts.

Beacon Street is about seventy feet wide, with sidewalks ten or twelve feet in width, and many heavy teams pass over it daily, and a street railway track runs through it. The plaintiff, who at the time of the accident was seven years of age and was a child of ordinary intelligence, lived with her father in a house on

the southwest corner of Beacon Street and Washington Street, which intersects it. A grocery store and a block of tenement houses belonging to one Dewire stand on the northeast corner of these streets, and a yard is situated next north and alongside the store and block, into which the doors of the houses open, and which communicates with Beacon Street through a gate. The accident occurred on October 4, 1887, on or about five o'clock in the afternoon, at which time two heavy teams of the defendants, each consisting of a wagon weighing about eighteen hundred pounds and a pair of heavy horses, were passing through Beacon Street driven by one Flinn and one Ryan, servants of the defendants. The plaintiff on her return from school on that afternoon was sent by her mother to find her brother, a child five years old, and was engaged on that errand when she was injured.

Dewire testified, for the plaintiff, that he was in his grocery store at this time, waiting upon a customer. He saw the teams coming down Beacon Street rapidly, the horses galloping, and he thought that the teamsters were having a race. He saw them cross Washington Street, and went to the window and heard somebody halloo; he then looked out and saw Flinn's team pulled up about ten feet in advance of where a child was lying senseless in the street. He went out of his store and around the corner, and saw Flinn's team standing on the side of the street nearest the store, a short distance from the sidewalk, and about opposite his yard. Ryan's team was on the other side of the street railroad track, a little in the rear. The plaintiff was then lying on the ground, about ten feet behind Flinn's team, and about ten feet north of the northeast corner of Beacon and Washington Streets. He had not seen her before on that day, but saw her little brother running away after the accident. Shortly before this, he heard the voices of children in the yard, and knew that there were a lot of them there, but did not know who they were.

Other witnesses for the plaintiff corroborated Dewire as to the fact that Flinn was at the time driving his horses on the run, as well as in other respects, but none of them testified that they saw her between the time she started out to find her brother and the accident. Flinn and one Crosby, witnesses for

the defendants, testified that, as the team was approaching the place of the accident at a moderate pace, the plaintiff came out of Dewire's yard through the gate, chased by a child or children, and that she ran immediately under the horses' feet, and was then run over and injured. The plaintiff testified that she had no recollection of what occurred on the day of the accident. The jury took a view of the locality and surroundings.

The judge refused to rule, as requested by the defendants, that there was no evidence of due care on the part of the plaintiff which would justify a verdict in her favor, and the defendants excepted.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

The case was argued at the bar in March, 1889, and afterwards was submitted on the briefs to all the judges.

*J. G. Holt*, for the defendants.

*C. H. Hudson & C. Abbott*, for the plaintiff.

W. ALLEN, J. The plaintiff was run over in the highway by a wagon belonging to the defendants, and driven by their servant. No question was made in regard to the negligence of the defendants' servant, and the only exception argued is to the refusal of the court to rule that there was no evidence of due care on the part of the plaintiff. This is put upon the ground that the circumstances were not so fully disclosed by the evidence that the jury could properly draw any inference as to the care or negligence of the plaintiff. We think that there was evidence that rendered the question a proper one for the jury.

The plaintiff was a child seven years of age, and of ordinary intelligence, and she testified that she had no recollection of what occurred on the day she was injured. There was evidence that on her return from school, on the afternoon of that day, she was sent by her mother to find her brother, a child of five years. It was not argued that the mother was negligent in this respect. No witness on whom the plaintiff relied testified to seeing her after she left her house, and before the injury, but there was evidence of circumstances proper for the consideration of the jury upon the question of her care. The plaintiff was injured on Beacon Street in Somerville, north of its crossing with Washington Street. She lived on the southwest corner of the streets,

and she was run over in the gutter on the easterly side of Beacon Street, a few feet northerly from Washington Street, and near the northeast corner of the streets. There was evidence from which the jury might have inferred that she found her brother in a yard near where she was injured, and was taking him home at the time of the accident. To reach her house, it was necessary to cross both Beacon Street and Washington Street. Her most direct course would be to leave the sidewalk near where she was injured, and cross diagonally to her house on the opposite corner. The jury took a view of the premises, and heard other evidence concerning the character and condition and use of the streets, and it was for them to say whether the plaintiff exhibited the common prudence of a child seven years old in attempting to cross the street where she did.

The other question is, whether, if she was properly upon the street, the plaintiff used due care to avoid being run over by the defendant's team. The jury saw the place; — the street, seventy feet wide; the place in the gutter where the plaintiff was hurt, and its nearness to the sidewalk; the appearance of the surface of the street and gutter; the aspects of the street and objects in the direction from which the danger came; — they heard the evidence of the witnesses, who testified that the horses raced, on the run, across Washington Street, and that they saw the plaintiff when the wheels of the wagon had passed over her, within less than twenty feet of that street. The jury may well have found that there was no evidence of want of due care in the plaintiff, and that the danger was such that the common prudence of children of her age could not be expected to anticipate or avoid, and have inferred from all the circumstances that she was in the use of due care, as they might if she had been run over upon the sidewalk, under circumstances otherwise the same. Undoubtedly the care required of the plaintiff in the street and upon the sidewalk is not the same, but if she was rightfully in the street, the rule of proof of due care is the same.

In the opinion of a majority of the court, the ruling excepted to was correct.

*Exceptions overruled.*